

FILED

MAR 1 0 2022

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VANCE DOTSON | ) JURY TRIAL DEMANDED |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-22-198-HE |
| | ) |
| SOURCE RECEIVABLES | ) |
| MANAGEMENT and LVNV FUNDING, | ) |
| LLC., and MIDLAND CREDIT | ) |
| MANAGEMENT, INC., and PORTFOLIO | ) |
| RECOVERY ASSOCIATES, LLC., and | ) |
| NCB MANAGEMENT SERVICES, INC., | ) |
| | ) |
| Defendants. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.   INTRODUCTION

1. This is a civil action for actual, statutory damages, and costs brought by Vance Dotson ("Plaintiff") an individual consumer, against Defendants, Source Receivables Management ("SRM"), LVNV Funding, LLC., ("LVNV"), Midland Credit Management, Inc., ("MCM"), Portfolio Recovery Associates, LLC., ("PRA") and NCB Management Services, Inc., ("NCB") for violations of the Fair Debt Collection Practices Act, 15

U.S.C § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C § 1692k(d).

3. Jurisdiction of this court also arises 28 U.S.C § 1331.

4. Venue in this District is proper in that the Defendants transact business in Oklahoma City, Oklahoma County, Oklahoma, and the conduct complained of occurred in Oklahoma City, Oklahoma County, Oklahoma.

## III. PARTIES

5. Plaintiff Vance Dotson (hereinafter "Mr. Dotson") is a natural person residing in Oklahoma City, Oklahoma County, Oklahoma. Mr. Dotson is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(3). Mr. Dotson has been assigned 100 percent of these claim(s) by Kimberly Bruner.

6. Kimberly Bruner is allegedly obligated to pay an obligation to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for

2

personal, family, or household purposes. Kimberly Bruner is allegedly obligated to pay a "Debt" as defined by 15 usc§1692a(5).

7. Upon information and belief, Defendant, LVNV Funding, LLC., is a South Carolina corporation with its principal place of business located at 200 Meeting Street, Ste 206, Greenville, SC 29601.

8. Upon information and belief, Defendant, Source Receivables Management is a North Carolina corporation with its principal place of business located at 4615 Dundas Dr. Suite 102, Greensboro, NC 27407.

9. Upon information and belief, Defendant, Midland Credit Management, Inc., is a California corporation with its principal place of business located at 350 Camino De La Reina Suite 100, San Diego, CA 92108.

10. Upon information and belief, Defendant, NCB Management Services, Inc., is a South Dakota corporation with its principal place of business located at 2517 East 54th St. N. Sioux Falls, SD 57104.

11. Upon information and belief, Defendant, Portfolio Recovery Associates, LLC., is a Virginia corporation with its principal place of business located at 120 Corporate Blvd, Norfolk, VA 23502.

12. Defendants, Source Receivables Management, LVNV Funding, LLC., Midland Credit Management, Inc., Portfolio Recovery Associates, LLC., and NCB Management Services, Inc., are engaged in the collection of debt from consumers using mail and telephone. Defendants regularly attempt to collect consumers' debts alleged to be due to other companies.

## IV. FACTS OF THE COMPLAINT

13. Defendants, Source Receivables Management, LVNV Funding, LLC., Midland Credit Management, Inc., Portfolio Recovery Associates, LLC., and NCB Management Services, Inc., and (hereinafter referred to as "Debt Collector") are a "debt collector" as defined by the FDCPA, 15 U.S.C § 1692a(6).

14. On or about August 29, 2021, Ms. Bruner reviewed her credit report on "Credit Karma."

15. On the report, Ms. Bruner observed trade lines from all the Debt Collector Defendants.

16. Debt Collector Midland Credit Management, Inc., furnished a trade line of $2.058 allegedly owed to Synchrony Bank.

4

17. Debt Collector LVNV Funding, LLC., furnished a trade line of $1,966, allegedly owed to Credit One Bank.

18. Debt Collector NCB Management Services furnished a trade line of $2,989, allegedly owed to Republic Bank Trust Co.

19. Debt Collector Portfolio Recovery Associates, LLC., furnished two trade lines of $974 and $1,111 allegedly owed to Capital One Bank USA.

20. Debt Collector Source Receivables Management furnished a trade line of $583 allegedly owed to Sprint.

21. Also on August 29, 2021, Ms. Bruner made disputes via telephone about the accounts in question. However, on March 10, 2022, Ms. Bruner re-checked her credit reports and although the Debt Collectors had several communications with the consumer reporting agencies, the Debt Collectors failed to communicate the alleged debts in question were disputed by the Ms. Bruner.

22. The Debt Collector's publishing of such inaccurate and incomplete information has severely damaged the personal and credit reputation of Ms. Bruner and caused severe humiliation, emotional distress, mental anguish and FICO scores.

23. Defendant materially lowered Plaintiff's credit score by failing to note Ms. Bruner dispute.

24. A debt reported without dispute results in a much lower credit score than a report of both the debt and the dispute. Saunders v. Branch Banking and Trust Co. of VA, 526 F. 3d 142, 146-47 (4th Cir. 2008).

## V.  FIRST CLAIM FOR RELIEF
(Defendants Source Receivables Management, LVNV Funding, LLC., Midland Credit Management, Inc., Portfolio Recovery Associates, LLC., and NCB Management Services, Inc.,)
### 15 U.S.C. §1692e(8)

25. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

26. The Debt Collectors violated the FDCPA.

27. The Debt Collectors' violations include, but are not limited to, the following:

The Debt Collector violated 15 U.S.C § 1692e(8) of the FDCPA by failing to disclose to the consumer reporting agencies the alleged debt was in dispute.

28. As a result of the above violations of the FDCPA, the Defendants are liable to the Mr. Dotson actual damages, statutory damages and cost.

6

## VI. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mr. Dotson respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against the Debt Collector for:

A. Judgment for the violations occurred for violating the FDCPA;

B. Actual damages pursuant to 15 U.S.C 1692k(1)(2);

C. Statutory damages pursuant to 15 U.S.C 1692k(2);

D. Cost and pursuant to 15 U.S.C 1692k(3);

E. For a deletion and further relief as the Court may deem just and proper.

Respectfully submitted:

_____
Vance Dotson
425 W. Wilshire Blvd Suite E
Oklahoma City, OK 73116
405.406.7323 (telephone)
vancedotson@yahoo.com (email)