**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| VANCE DOTSON, | § | |
|     Plaintiff | § | |
| | § | |
| | § | |
| vs. | § | Case No. 5:22-cv-00198-HE |
| | § | |
| SOURCE RECEIVABLES | § | |
| MANAGEMENT and LVNV | § | |
| FUNDING, LLC., and MIDLAND | § | |
| CREDIT MANAGEMENT, INC., | § | |
| and PORTFOLIO RECOVERY | § | |
| ASSOCIATES, LLC., and NCB | § | |
| MANAGEMENT SERVICES, | § | |
| INC., | § | |
|     Defendants | § | |

**MOTION OF DEFENDANT LVNV FUNDING, LLC FOR JUDGMENT**
**ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(C) AND**
**OPENING BRIEF IN SUPPORT OF SUCH MOTION**

Defendant LVNV Funding, LLC moves the Court to grant judgment

in its favor pursuant to FED. R. CIV. P. 12(c), and in support of such motion

would respectfully show the following:

### INTRODUCTION

Plaintiff Vance Dotson filed this lawsuit based solely on alleged

violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et*

*seq.* ("FDCPA") that were allegedly directed at Kimberly Bruner, an

individual who is indebted to LVNV. Dotson, a non-attorney, claims that

he is entitled to bring this action because he has allegedly "been assigned

100 percent of these claim(s) by Kimberly Bruner." Doc. 1, ¶ 5; Doc. 1-1.
Dotson asserts the occurrence of a single violation of the FDCPA against
Ms. Bruner. Specifically, Dotson alleges that LVNV received an oral dispute
from Ms. Bruner and them failed to update its trade line on the account
to reflect that the debt was disputed. Doc. 1, ¶ 23.

Although Dotson's claim is without merit (as is that of Ms. Bruner),
the merits of the claim will not be addressed in the present motion. This
motion is directed at the illegality of the alleged assignment.

## LEGAL STANDARD

A party may move for judgment on the pleadings after the pleadings
are closed but early enough not to delay trial. FED. R. CIV. P. 12(c). Courts
evaluate a Rule 12(c) motion under the same standard that governs a
motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6). *Jacobsen v. Deseret
Book Co.*, 287 F.3d 936, 941 n.2 (10th Cir. 2002) (citing *Atl. Richfield Co.
v. Farm Credit Bank*, 226 F.3d 1138, 1160 (10th Cir. 2000)).

A court should grant a motion for judgment on the pleadings only
when the factual allegations in the Complaint fail to "state a claim to relief
that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570
(2007), or when an issue of law is dispositive, *Neitzke v. Williams*, 490 U.S.
319, 326 (1989). "A claim has facial plausibility when the plaintiff pleads
factual content that allows the court to draw the reasonable inference that
the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556); *see also Christy Sports, LLC v. Deer Valley Resort Co., Ltd.*, 555 F.3d 1188, 1192 (10th Cir. 2009) ("The question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law." (citation omitted)).

When considering whether a plaintiff has stated a plausible claim, the Court must assume that the factual allegations in the complaint are true. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). But, the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice'" to state a claim for relief. *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). Also, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted).

Here, LVNV asserts that, as a matter of law, the purported assignment under which Plaintiff sues has no validity; therefore, LVNV is entitled to judgment that Plaintiff take nothing.

## ARGUMENT AND AUTHORITIES

The sole claim asserted by Plaintiff arises under the FDCPA, which is in the nature of a statutory tort. *Oglesby v. Rotche*, No. 93 C 4183, 1993 U.S. Dist. LEXIS 15687, at *31 (N.D. Ill. Nov. 4, 1993). The Legislature could not have been more clear that such a cause of action may not be assigned. "The assignment of claims not arising out of contract is prohibited." 12 O.S. § 2017 (D). *See. also, Trinity Mortg. Cos. v. Dryer*, 451 Fed. Appx. 776 (10th Cir. 2011) ("finding that "Trinity gave Junker an ownership interest for the specific and sole purpose of permitting Junker to litigate Trinity's claims against [its former counsel]" and disallowing the assignment because it was "clearly against public policy."); *Lester v. Minnesota Life Ins. Co.*, Case No. 13-CV-443-JED-PJC, 2014 U.S. Dist. LEXIS 4373 (N.D. Okla. Jan. 14, 2014) (holding that a plaintiff could not maintain tort claims for fraud, bad faith, emotional distress or duress based upon an assignment because Oklahoma law prohibits the assignment of tort claims); *Rose Grp., L.L.C. v. Miller*, 2003 OK CIV APP 18, 64 P.3d 573, 575 (Okla. Civ. App. 2003) ("Section 2017(D) prohibits the assignment of claims not arising from contract. This section embodies the common law rule that a chose in action arising out of a pure tort is not assignable.").

Other courts have similarly found that the assignment of consumer claims violates public policy. *See, e.g., PPG Indus., Inc. v. JMB/Houston*

*Ctrs. Ptrs. Ltd.*, 146 S.W.3d 79, 87 (Tex. 2004) ("In sum, allowing assignment of DTPA claims would ensure that aggrieved consumers do not file them, that some consumers receive nothing in compensation, and others are deceived a second time. All would defeat the very purposes for which the DTPA was enacted."); *accord Montoya v. State Farm Mut. Auto. Ins. Co.*, No. 16-00005 (RCL), 2016 U.S. Dist. LEXIS 141322, at *18 (W.D. Tex. Oct. 12, 2016) (disallowing assignment of deceptive insurance practices claims); *Inv'rs Title Ins. Co. v. Herzig*, 330 N.C. 681, 688, 413 S.E.2d 268, 271 (1992) ("The causes of action of conspiracy to commit fraud and unfair practice are also personal in nature. Therefore, the assignment of such claims violates our public policy and will not be enforced."); *Stearns v. Wheeler, LLC v. Kowalsky Bros., Inc.*, 289 Conn. 1, 9-10, n. 12, 955 A.2d 538 (2008) ("The policies against trafficking in personal claims and excessive litigation, in contrast, may apply. Indeed, in light of the expanded remedies available under CUTPA, most notably, the availability of attorney's fees, the temptation for "unscrupulous interlopers and litigious persons" to interfere would be greater in this context than in tort claims, giving these concerns even greater force.") (internal quotations and citations omitted).

In *Momand v. Twentieth-Century Fox Film Corp.*, 37 F. Supp. 649, 655 (W.D. Okla. 1941) Judge Murrah held that the law of Oklahoma governs the assignability of claims created by federal statute. Specifically,

the Court held in *Momand* that "[i]t is manifest that the statutes of the state of Oklahoma, which bear upon the question of the assignability of a cause of action, apply in this case." I*d.* at 656.  *Momand* stands for the proposition that state law governing the assignability of causes of action applies, even where the action grows out of a Federal statute. *In re Gordon*, 484 B.R. 811, 822 (Bankr. N.D. Okla. 2013).

In *PPG Indus., Inc. v. JMB/Houston Ctrs. Ptrs. Ltd.*, the Texas Supreme Court expressed the public policy concern that allowing assignments of claims arising under consumer protection statute would lead to arbitrage of such claims. That, of course, is what has occurred here. A search of the PACER docket reveals that Plaintiff Dotson has filed 27 cases in this district asserting rights under purported assignments of consumer protection claims.

Because Dotson's purported assignment is prohibited by both statute and public policy, LVNV is entitled as a matter of law to judgment that Dotson take nothing in this case. Given Plaintiff's prolific use of such unlawful assignments, LVNV urges the Court to go further and find that his use of unlawful assignments is the unauthorized practice of laws, as Dotson, a non-lawyer, seeks to assert the rights of others whom he deems to be his clients. Such a finding will facilitate the speedy elimination of future conduct of this type by Mr. Dotson.

WHEREFORE, PREMISES CONSIDERED, defendant LVNV Funding, LLC prays that he Court grant judgment on the pleadings pursuant to Rule 12(c) that plaintiff take nothing in this case. LVNV further prays for its fees and costs together with all such further relief, at law or in equity, as o which it may be justly entitled.

Respectfully submitted,

**/s/** Manuel H. Newburger
Manuel H. Newburger
Texas Bar No. 14946500
**Attorney for Defendant**
**LVNV Funding, LLC**
Barron & Newburger, P.C.
7320 N. MoPac Expy., Suite 400
Austin, Texas 78731
(512) 659-4022 (Direct)
(512) 279-0310 (Fax)
mnewburger@bn-lawyers.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 4th day of April, 2022, a true copy of the foregoing

motion  was served on Plaintiff at the address below via email and upon

any attorneys of record through the Court's ECF System.

Vance Dotson
425 W. Wilshire Blvd Suite E
Oklahoma City, OK 73116
405.406.7323 (telephone)
vancedotson@Yahoo.com. (email)

**/s/** <u>Manuel H. Newburger</u>
Manuel H. Newburger