IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| VANCE DOTSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CIV-22-0198-HE |
| | ) | |
| SOURCE RECEIVABLES | ) | |
| MANAGEMENT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

Defendant LVNV Funding LLC has moved for judgment on the pleadings and defendant Midland Credit Management, Inc. has moved to dismiss plaintiff Vance Dotson's Complaint on the basis that Dotson lacks standing to sue. The complaint purports to state claims under the Fair Debt Collection Practices Act based on defendant's alleged conduct as to non-party Kimberly Bruner. It alleges that plaintiff Dotson is the assignee of the claims and therefore entitled to assert them.

The "standing" issue must be addressed first, as it goes to the court's jurisdiction. The exercise of federal judicial power is dependent on the existence of a "case or controversy" and that requirement is satisfied only where a plaintiff has standing. In order to have Article III standing, a plaintiff must adequately establish: (1) an injury in fact, i.e., a "concrete and particularized" invasion of a "legally protected interest," (2) causation (some connection between the alleged injury and the defendant's conduct), and (3) redressability (a showing that plaintiff's injury can be remedied via the suit). Sprint Communications Co., L. P. v. APCC Services, Inc., 554 U.S. 269, 273 (2008).

The critical question for present purposes is whether the complaint alleges a basis for concluding plaintiff has a "legally protected interest" as contemplated by the "standing" analysis. The court concludes he does not.

The only interest the complaint alleges as to Mr. Dotson is his interest as the assignee of the claims of Kimberly Bruner. Questions as to whether such assignments are recognized, i.e., whether they give rise to a property or other interest recognized by the law, are ordinarily questions of state law. US Fax Law Center, Inc. v. Ihire, Inc., 476 F.3d 1112, 1118 (10th Cir. 2007). Here, where plaintiff is an Oklahoma resident and the purported claims arise out of activities in Oklahoma, general choice of law principles would indicate that Oklahoma law applies. Id. And Oklahoma does not recognize or permit assignments of claims like the claim involved here. 12 Okla. Stat. § 2017D ("The assignment of claims not arising out of contract is prohibited.") That statutory provision essentially adopts the longstanding common law rule that actions arising out of torts are not assignable. Trinity Mortg. Cos., Inc. v. Dryer, 451 Fed. Appx. 776, 778 (10th Cir. 2011). The claims at issue here, essentially that defendants misrepresented Ms. Bruner's credit status because they failed to show debts as disputed, most closely approximates tort claims for false representation and the like. See Lupia v. Medicredit, Inc., 8 F.4th 1184, 1191 (10th Cir. 2021) (noting the similarities between FDCA claims and multiple torts). The result is that Oklahoma law does not recognize the sort of assignment of claims upon which plaintiff relies in this case.

Plaintiff lacks standing to pursue this case; thus, defendants' motions must be granted.

Plaintiff responded to defendants' motions with a notice stating that he had transferred all of Ms. Bruner's right back to her. Further, Ms. Bruner has filed a motion to intervene asserting that she and plaintiff have agreed to nullify the assignment of her claims. Standing, however, "is determined at the time the action is brought . . . . [E]ven if the complaint is later amended." Southern Utah Wilderness All. v. Palma, 707 F3d 1143, 1153 (10th Cir. 2013) (quotations and citations omitted). Thus, amending the complaint now would not remedy plaintiff's lack of standing at the time the complaint was filed.

Defendant LVNV Funding's Motion for Judgment on the Pleadings [Doc. #16] and Midland Credit's Motion to Dismiss [Doc. #21] are therefore **GRANTED** and this case is **DISMISSED**. Ms. Bruner's Motion to Intervene is **DENIED**. As the legal impediments to plaintiff's claim are not subject to being remedied by amendment, the dismissal shall be with prejudice.

**IT IS SO ORDERED**.

Dated this 10th of May, 2022.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE